UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN LUNA, JR., <br>     Petitioner, <br> v. <br> MATTHEW ATCHLEY, Acting Warden, <br>     Respondent. | Case No. 21-10003 BLF (PR) <br><br> **ORDER REQUESTING MOTION TO DISMISS OR NOTICE THAT MOTION IS UNWARRANTED** |

    Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus using the court's form petition for filing an action pursuant to 28 U.S.C. § 2241. Dkt. No. 1. However, based on the information therein, it is clear that Petitioner is serving a state sentence for a conviction out of Monterey County Superior Court and is challenging that state conviction.[1] *Id.* at 1-3. Accordingly, the Court construes the petition as being brought under 28 U.S.C. § 2254, which is the appropriate statute. Petitioner has paid the filing fee. *Id.*

///

///

---

[1] The matter was reassigned to this Court on January 31, 2022, after Petitioner did not file consent to magistrate judge jurisdiction in the time provided. Dkt. Nos. 2, 4.

# BACKGROUND

According to the petition and the attached papers, Petitioner was found guilty by a jury in Monterey County Superior Court of 22 counts of child molestation. Dkt. No. 1 at 10. Petitioner was sentenced to 79 years in state prison. *Id.*

Petitioner appealed his conviction without success. *Id.* at 2. Petitioner did not pursue collateral review, and there are no matters pending in any court.

Petitioner filed the instant federal habeas petition on December 27, 2021.

# DISCUSSION

## I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)). The court may order the respondent to file another pleading where neither service nor summary dismissal is appropriate. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the

date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on September 12, 2013. Dkt. No. 1 at 11. Even assuming Petitioner is entitled to tolling for the entire time that his direct appeal was pending in the state courts, he waited over six years after the state high court denied review on October 14, 2015, [2] before filing the instant federal habeas action on December 27, 2021. Dkt. No. 1. Accordingly, there is a clear issue of whether the instant petition is timely.

This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the substantive claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

///

///

---

[2] This information was obtained from the California Courts website, with a search of Petitioner's case on appeal, Case No. H040191, Dkt. No. 1 at 2, which lead to the Supreme Court Case No. S229124. https://appellatecases.courtinfo.ca.gov/search.cfm?dist=6

3

# CONCLUSION

In light of the foregoing, the Court orders as follows:

1.      The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  *See* Dkt. No. 1.  The Clerk also shall serve a copy of this order on Petitioner.

2.      Respondent shall file with the Court and serve upon Petitioner, within **thirty-five (35) days** of the date this order is filed, a motion to dismiss the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3.      If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent within **twenty-eight (28) days** of his receipt of the motion to dismiss.

4.      Respondent shall file and serve a reply within **fourteen (14) days** of receipt of Petitioner's opposition.

5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an answer to the petition.

6.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.      Extensions of time are not favored, though reasonable extensions will be granted.  However, the party making a motion for an extension of time is not relieved of his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the

deadlines set by the court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than 5 days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: ___May 9, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Requesting MTD
PRO-SE\BLF\HC.21\10003Luna_req.mtd